United States District Court
Middle District of Florida
Jacksonville Division

**EDWIN TERRY WINFORD,**

    *Plaintiff,*

v.                                     NO. 3:22-CV-1309-TJC-PDB

**FRIEDMAN INTEGRATED REAL ESTATE GROUP,**

    *Defendant.*

## Report and Recommendation

Proceeding without a lawyer, Edwin Terry Winford has filed a complaint, Doc. 1, and two motions to proceed in forma pauperis ("IFP"), Docs. 2, 10.

### I. Background

Since 2016, Mr. Winford has filed ten actions here. Eight concerned challenges to state proceedings. Of those, two involved complaints about an eviction, *see* 3:22-cv-1005, 3:23-cv-100; four involved complaints related to child support and a restraining order against Mr. Winford, *see* 3:16-cv-810, 3:16-cv-817, 3:16-cv-819, 3:18-cv-314; and two involved complaints about a lawyer and an insurance company, *see* 3:16-cv-816, 3:16-cv-818. In one, Mr. Winford sued an "adjuster" and a law firm, possibly in connection with the same issues in his complaints against the lawyer and insurance company. *See* 3:16-cv-1445.

Here, Mr. Winford complains about an eviction. *See generally* Docs. 1, 6, 6-1, 8, 8-1. This eviction appears to be different from the eviction about which he complained in other actions.

Mr. Winford also has appealed many state-court decisions to the Florida First District Court of Appeal and Florida Supreme Court (most of which were dismissed or denied without elaboration). Ten of the appeals involved the defendant here.

## II. Complaint and Original IFP Motion

In the caption of the complaint, Mr. Winford identifies "Friedman Integrated Real Estate Group as Manager for Bridgepoint Apts" as the only defendant. Doc. 1 at 1. He alleges:

> THIS CAUSE OF ACTION ( Theft 100.00 deposit or 200.00 ) ( Breach of Contract) ( Constructive Eviction Fla 992,895 ) ( Florida Statue s. 812 sec. 014 martial noncompliance 83.51 Ch 83 sue for back rent from the Defendant, who unfairly withheld money for cleaning, repairs , wrongfully eviction seeking … Plaintiff is indigent receive 1,060.00 monthly Compensatory damages; Punitive damages; incidental, consequential; 37,800 back rent . Sanctions; penalty. Moving expensive 2,000
>
> ANALYSIS; Judge (LONDON M. KITE ) Judge ( MEREDITH CHARBULA is both on case No. 2019 CC - 6252 ( Disturbing) Attorney Dale Westling was name as the attorney of record is also very Disturbing; Attorney Dale Westling never show up for this case and none name cases.
>
> Attorney Dale Westling second time on documents that Plaintiff was wrongfully evicted.
>
> Plaintiff under Fla. Sta. 83.67 have proven laws broken by the defendants
>
> Attorney Dale Westling wasn't the Plaintiff attorney and the defendant explain the case was the case. Disturbing
>
> Defendant harassment, pop-up inspections very stressful.
>
> Defendant would use verbal abuse, screaming at the Plaintiff
>
> Plaintiff wasn't late never accept for the right to withhold rent just only about week; Then the defendants use the wrongful eviction that harass the Plaintiff.

> Defendant withhold that apt was horrible unit 47. See Florida Statues 83.201 failure to maintain repair rending apts wholly untenanantable, right to withhold rent. Plaintiff trying to resolve all issues
>
> Defendant withheld exculpatory evidences ( move-in report of all damages.
>
> I have videos and pictures and proving these facts
>
> Defendant in front of polices call by the Plaintiff for safety reason. Defendant alter move out documents to wrongly charge damages that no fault of the Plaintiff.
>
> Plaintiff live at the apts 2014 to 2019 . Plaintiff suffer black mold and biting bugs, roaches dirty carpet. Racism from tenants. One play his music loud at night. Also shout he want to get a gun and kill black people through wall.
>
> Another tenant call me a big black monkey and said they hang them all time in Virginia
>
> IN CLOSING
>
> 6 TH 14TH 7 TH All was deny to fair trial and Discrimination that the Plaintiff is also sue for.
>
> The court has all the facts and evidences. These delays are hardship for they action have harm the Plaintiff. I'm homeless by no blame to myself.
>
> Its unconstitutional to allow criminal activities to win cases.

Doc. 1 at 1–3 (emphasis and bullet points omitted).

The original IFP motion is identical to the complaint except the title. *Compare* Doc. 2 (motion), *with* Doc. 1 (complaint). The only financial information Mr. Winford provides is the statement, "Plaintiff is indigent receive 1,060.00 monthly[.]" Doc. 2 at 2. He includes no information about his monthly expenses. *See* Doc. 2.

Case 3:22-cv-01309-TJC-PDB   Document 14   Filed 03/09/23   Page 4 of 12 PageID 471

### III.  Order to Show Cause, Response, and Other Filings

The undersigned directed Mr. Winford to show cause why the case should not be dismissed for lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted. Doc. 3 at 5. The undersigned warned him that if he "fails to timely respond and show cause, the undersigned will recommend dismissing the action." Doc. 3 at 5. The undersigned further directed him to show cause why the original IFP motion should not be denied for failure to show an inability to pay the court fees and costs and provide necessities. Doc. 3 at 6. The undersigned warned him that if he "fails to timely respond and show cause and the action remains in this Court, his motion will be denied, and he will be directed to pay the filing fee." Doc. 3 at 5, 6.

Mr. Winford timely responded. Doc. 6. He states:

1.  the Plaintiff is indigent.

2. Plaintiff receive 1,160. Social Security Benefits as of 2022.

3. Plaintiff receive 99 dollars' food assistant. I have document stating 230 food assistant but it not true.

4. Defendant stolen the plaintiff money.

5. Plaintiff is homeless.

6.Plaintiff have documents that are facts in this case and will submit them

7. The Plaintiff was evicted illegally.
The Plaintiff ask respectfully to move this court to honor the laws and the facts in this case.

F. S.  83.56 Florida Statues and case Laws

8. See Attachments in this reply

9. Refer to brief and evidences name in this  case.

4

    10. Thefts

    (a ) Defendant failure to comply renders apt 705 and 107 dwelling unit untenable . Its state the Plaintiff shall not be liable for during period 2014 to 2019; this total amount 39,000 plus interest including 200 deposit plus interest

    Plaintiff was discriminated against by two tenants and managers.

    Plaintiff suffer black molds, biting bugs, dirty carpets, damage unsafe doors, Harassment, cats all over the complex.

    Defendants don't deny any crimes. Defendants refuse to

    Florida statues violate Sec. 83.201 Notice to landlord of failure to maintain repairs. that render premises unlivable

    Plaintiff right to withhold sec. 83.201 and 83.202 only for one week and paid the money.

    In closing the plaintiff is innocent and not to blame f..or these harassment and ask this honorable court to proceed in this court. They stolen all my money.

Doc. 6 at 1–2.

    Mr. Winford includes several documents:

- a copy of *Hankins v. Smith*, 138 So. 494 (Fla. 1931);[1]

- printouts from a website titled "Florida Law Help" that include descriptions of contract law, advice for suing landlords, and an explanation of the commandment "Thou shalt not steal";

- emails related to state-court litigation and the condition of two apartments;

- photographs of bug and carpet sprays, a woman and vehicle outside a building, and unidentifiable objects;

---

[1] In *Hankins*, the Florida Supreme Court discussed constructive evictions and held, "It can hardly be questioned that one of the most valid and indispensable elements of a lease for a term of years is the peaceful uninterrupted enjoyment of the premises leased[.]" 138 So. at 496.

5

- completed checklists describing the condition of apartments;
- an illegible check and a legible check to "Bridgepoint Apt" for $230;
- completed forms titled "Security Deposit Settlement" with handwritten annotations;
- a letter from a debt-collection agency about a dispute; and
- illegible documents.

Doc. 6 at 3–7, 10–43.

As an exhibit, Mr. Winford attaches:

- a compilation of documents from state-court litigation, including a complaint, a summons, a counterclaim, an appellate brief, a court order, a reply, and various motions;
- copies of checks;
- emails related to rent payments;
- money-order receipts;
- "money order tracing/refund request[s]";
- photographs of faucets and other unidentifiable objects;
- a notice to residents that property would no longer accept money orders and cashier's checks;
- a notice of non-payment of rent and demand for payment;
- two documents titled "Apartment Reservation Agreement";
- certified-mail receipts;
- a document in French, signed by Mr. Winford;
- an itemized list of expenses; and
- United States Postal Service tracking reports.

Doc. 6-1 (some capitalization omitted).

Mr. Winford also filed a document titled "Motion to submit evidences." Doc. 8. He states, "The Plaintiff motion this court to submitted more evidences[.]" Doc. 8 at 1. He attaches nineteen pages of photographs showing building conditions, a face, a check, signatures, time stamps of emergency and other calls from a cellphone, and unidentifiable objects. Doc. 8-1.

Mr. Winford also filed a document titled "Initial Brief on the Merits," in which he questions whether state-court judges violated the Sixth and Seventh Amendments, "use[d] Unnecessary delays," provided a fair trial, and "over rule[d] against Ch 83 Laws Landlord and Tenant[.]" Doc. 9. He states:

> Plaintiff did nothing wrong. Plaintiff s Know they apts was Uninhabitable That void any agreements and breach of contract. Plaintiff suffering harassment, biting bugs, Black Mold, Roach infestation, Dirty carpet and biting bugs in the carpet. Discrimination by two tenants on each side of unit 107 One said they want to get a gun and kill black people and the other said call me a Big Black Monkey and say they hanging them all time in Virginia and also said He had a gun and could shot through my wall if he want to. Defendant  rise rent after fixing carpet will attach brief from District Court of Appeal. Defendant withhold move-in report. Defendant using fraud by altering move-out document in from of two police and the court have C.D. and documents. Apts 705 the defendant know they was giving uninhabitable apts These are Federal crimes.

Doc. 9 at 3. For relief, Mr. Winford requests "back rent of 39,000 plus interest," "200.00 deposit or 100.00," "Rental cars," punitive damages, "768.72 all damage under the laws," and "Out pocket money 3,000 moving expensive t[.]" Doc. 9 at 3. He includes printouts of Florida statutes related to residential tenancies and copies of various lease addendums. Doc. 9 at 5–14, 16–35.

To the "Initial Brief on the Merits," Mr. Winford attaches a brief and appendix he apparently submitted to the Florida First District Court of Appeal and the record on appeal from that court. Docs. 9-1 to -3.

Finally, Mr. Winford filed a second IFP motion. Doc. 10. He represents he has no wages and in the past twelve months has received income from "Gifts, or inheritances" and "Any other sources." Doc. 10 at 1. He states, "I recieve Disability 1,170.00 a mont. I get 99 dollars EBT . I get 57.00 dollars Food card from Insurance All per Month[.]" Doc. 10 at 1. He represents he has $200 in a checking account. Doc. 10 at 2. To describe expenses, he states:

> I pay 300.00 to 400.00 a month when staying in hotel. Food 99.00 plus cash another 400. 00 food and other items like cleaning , transportation. If people help me they most of time say don't giving nothing but I do other thing like food, household tiems like cleaning , by papper towels , toilet paper , dish detergent. clothes detergent and my money be gone. clothing and more. This is all done to best of ability. please allow me to clarify[.]

Doc. 10 at 2. He adds he has "debts and its all if bad debt now due to the actions of the defendants[.]" Doc. 10 at 2.

## IV. Law

### A. *Liberal-Construction Standard*

A court must liberally construe a complaint drafted by an unrepresented plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, an unrepresented plaintiff must comply with procedural rules, *McNeil v. United States*, 508 U.S. 106, 113 (1993), and a court cannot rewrite a deficient complaint or otherwise serve as counsel, *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

### B. *Amendment Standard*

A court should freely allow a plaintiff to amend the complaint if justice so requires. Fed. R. Civ. P. 15(a)(2). Granting leave to amend is futile if the complaint as amended would still be properly dismissed. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

### C. *IFP Standards*

A court may authorize a plaintiff to initiate a lawsuit without prepaying fees. 28 U.S.C. § 1915(a)(1). While a litigant need not show he is "absolutely destitute," he must show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). When considering a request for permission to proceed without prepayment of fees and costs, "the only determination to be made … is whether the statements in the affidavit satisfy the requirement of poverty." *Id.*

A court "shall" dismiss an action by a plaintiff proceeding in forma pauperis if at any time the court determines the action (1) "frivolous or malicious," (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### D. *Pleading Standard*

Under Federal Rule of Civil Procedure 8(a), a complaint must state a claim for relief that includes (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought[.]" Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### E.   *Subject-Matter Jurisdiction*

A court must inquire into subject-matter jurisdiction whenever it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). A court may have jurisdiction under a specific statutory grant, federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal-question jurisdiction applies only if a claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction applies only if an action is between citizens of different states and involves more than $75,000. 28 U.S.C. § 1332(a).

Under the *Rooker-Feldman* doctrine,[2] a federal district court is without jurisdiction to exercise appellate jurisdiction over a state judgment. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

"A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

---

[2]*See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

## F.   *Judicial Immunity*

Judicial officials are entitled to absolute judicial immunity from liability for damages when sued for acts taken in their judicial role and within their jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The immunity applies even if the judge's acts are erroneous, malicious, or in excess of his jurisdiction. *Id.* at 356–57. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Id.* at 356.

## V.   Analysis

Mr. Winford shows an inability to pay the court fees and costs and provide necessities; nevertheless, dismissal is warranted.

Mr. Winford fails to provide grounds for this Court's jurisdiction. His claims, the bases for the claims, and the intended defendants remain unclear. The only discernible claims he may have are under state landlord/tenant laws. Moreover, to the extent he attempts to ask this Court to undertake appellate jurisdiction of any state court order, this Court is without jurisdiction. *See Lance*, 546 U.S. at 463.

Even if Mr. Winford states a claim over which this Court has jurisdiction, to the extent he intends to sue Judge Kite and Judge Charbula for acts taken in their judicial role and within their jurisdiction, they are immune from liability for the damages he demands. *See Pierson*, 386 U.S. at 553–55.

Permitting Mr. Winford to amend the complaint is unwarranted. The order to show cause alerted him to the deficiencies in the complaint, provided

him an opportunity to clarify his claims and provide a basis for federal jurisdiction, and warned him dismissal would be recommended if he failed to show cause. *See* Doc. 3 at 5.

## VI. Recommendation

The undersigned **recommends** denying as moot the original IFP motion, Doc. 2; granting the amended IFP motion, Doc. 10; and dismissing the case without prejudice.

## VII. Deadline for Objections

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on March 9, 2023.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Edwin Terry Winford
     P.O. Box 17405
     Jacksonville, FL 32245