UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWIN TERRY WINFORD,

    Plaintiff,

v.                                            Case No. 3:22-cv-1309-TJC-PDB

FRIEDMAN INTEGRATED REAL
ESTATE GROUP, as Manager for
Bridgepoint Apts,

    Defendant.

_____

**O R D E R**

    This case is before the Court on pro se Plaintiff Edwin Terry Winford's two motions to proceed In Forma Pauperis (Docs. 2, 10). On March 9, 2023, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 14) recommending that Plaintiff's November 29, 2022 motion be denied as moot, his February 14, 2023 motion be granted, and this case be dismissed without prejudice. On March 16, 2023, Mr. Winford filed an objection to the Report and Recommendation (Doc. 15) and filed an amended complaint on April 4, 2023, (Doc. 16). The Court fully adopts Judge Barksdale's Report and Recommendation outlining the original complaint's deficiencies. (Doc. 14). For

the following reasons, the amended complaint is also deficient, but the Court will give Mr. Winford one more chance to amend.

## I.    Diversity Jurisdiction

Unlike his first complaint, the amended complaint specifies a basis for the Court's subject matter jurisdiction: diversity of citizenship. See (Doc. 16 at 1); 28 U.S.C. § 1332. However, diversity jurisdiction has two requirements which Mr. Winford has not met. The first requirement is that a plaintiff and defendant cannot both be citizens of the same state. 28 U.S.C. § 1332. And if there are multiple defendants, none of those defendants can be a citizen of the same state as the plaintiff. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999) For individuals, a person is a citizen where he or she is domiciled (the state where the person permanently lives). McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002). Corporations, on the other hand, are citizens in the state of their principal place of business and the state where they are incorporated. 28 U.S.C. § 1332(c)(1). And limited liability corporations (LLCs) are citizens in any state where one of their members is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citations omitted). Mr. Winford identifies himself as a Florida citizen but does not identify the citizenship of the three defendants

in this case. (Doc. 16 at 3).[1] His second amended complaint must identify the citizenship of all parties.

The second requirement for diversity jurisdiction is an amount in controversy of <u>more than</u> $75,000. 28 U.S.C. § 1332(a). In other words, if the amount of money at stake in the case is $75,000 or less, federal diversity jurisdiction is unavailable. The <u>pro se</u> complaint template Mr. Winford used for his amended complaint contains a section for identifying the amount in controversy, but Mr. Winford left it blank. (Doc. 16 at 3). On the next page, Mr. Winford seems to suggest that he is owed $47,130 or $50,130, along with unspecified pain and suffering damages. <u>Id.</u> at 4. If Mr. Winford files a second amended complaint, he must clearly identify the amount in controversy and provide facts to support that number.

## II.   Judicial Immunity, <u>Rooker-Feldman</u>, and Advice to Litigant

Mr. Winford's amended complaint does not appear to name any judges as parties, but, as with the original complaint and "initial brief on the merits," a significant portion of his objection to the Report and Recommendation complains of alleged judicial misconduct and speaks of a judge who "should be

---

[1] Mr. Winford erroneously put individual Defendant Tonette Waye's information in the "corporation" section of the amended complaint and neglected to provide citizenship information for defendants Friedman Integrated Real Estate Group and Daniel Highsmith. (Doc. 16 at 3). Any second amended complaint must properly include citizenship information and follow the instructions in section II.B of the <u>pro se</u> complaint template.

3

on this case." (Doc. 15 at 2–3); see (Docs 1, 9). The Report and Recommendation correctly notes that judges are immune from damages when sued for acts taken within their judicial role and within their jurisdiction. (Doc. 14 at 11) (citing Pierson v. Ray, 386 U.S. 547, 553–55 (1967)). Mr. Winford should keep this in mind if he files a second amended complaint.

Additionally, as noted in the Report and Recommendation, some of Mr. Winford's filings suggest that he may be attempting to challenge his previous state court judgment in federal court. (Doc. 14 at 10–11); see (Doc. 9 at 2–3); (Doc. 15 at 1–3). For the reasons stated in the Report and Recommendation, this Court cannot exercise appellate jurisdiction over Mr. Winford's prior state court proceedings and judgment. (Doc. 14 at 10–11). Mr. Winford should also keep this in mind moving forward.

Finally, the Court encourages Mr. Winford to use the resources for pro se litigants on the Middle District of Florida website. https://www.flmd.uscourts.gov/litigants-without-lawyers. From this webpage, Mr. Winford can download a Guide for Proceeding Without a Lawyer, which is meant to help pro se litigants navigate the federal litigation process.[2] Pages 8–10 of this guide list several Jacksonville-area organizations which may be able to provide some help and answer questions free of charge. Mr. Winford

---

[2] https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf

4

should investigate the resources that may be available to help him with his case.

Accordingly, it is hereby

**ORDERED:**

1. The Objection to the Report and Recommendation (Doc. 15) is **OVERRULED** and the Report and Recommendation of the Magistrate Judge (Doc. 14) is **ADOPTED** to the following extent.

2. Plaintiff's First Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED as moot**. Plaintiff's Amended Motion to Proceed In Forma Pauperis (Doc. 10) is **GRANTED**

3. Plaintiff's amended complaint (Doc. 16) is **DISMISSED without prejudice**. If Plaintiff files a second amended complaint, he shall do so no later than **May 12, 2023**.

4. The Clerk shall terminate any pending motions.

**DONE AND ORDERED** in Jacksonville, Florida the 14th day of April, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies to:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Pro se Plaintiff
Counsel of record